# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN ORTIZ , an individual on behalf of himself, all others similarly situated,<br><br>               Plaintiff,<br>    v.<br>GENCO, INC., a Delaware Corporation, KRAFT HEINZ FOOD COMPANY and DOES 1 to 50, inclusive,<br>              Defendants. | Case No. 4:16-cv-04601-YGR<br>Case No. 4:17-cv-03692-YGR<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING SETTLEMENT ADMINISTRATOR COSTS, GRANTING MOTION FOR ATTORNEY FEES AND COSTS AND INCENTIVE AWARD; AND JUDGMENT** |

A hearing the motion of plaintiff Adan Ortiz ("plaintiff") for final approval of the class settlement (the "Settlement") between plaintiff and defendant Genco I., Inc. ("Genco" or "defendant") was held on April 2, 2019.

The parties have submitted the Settlement Agreement, attached hereto as **Exhibit 1**. The Court preliminarily approved class settlement under the terms of the Settlement Agreement by its order entered on August 13, 2018. In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having reviewed the Settlement, the supporting papers filed by the parties, the evidence, and the arguments in support of the Preliminary Approval Order and final approval, the Court **GRANTS** final approval of the Settlement, and **HEREBY ORDERS AND DETERMINES** as follows:

1. Pursuant to the Preliminary Approval Order, the Postcard Notice of Class Action Settlement was sent to each Background Check Class Member by first-class mail. The Class Notice was sent to each Wage and Hour Class Member by first-class mail. The Long Form Notice was posted on the Notice Administrator's website. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process. The Class Notice is attached hereto as **Exhibit 2**. The Postcard Notice is attached hereto as **Exhibit 3**. The Request for Exclusion Form is attached hereto as **Exhibit 4**. The FLSA Opt-In Claim Form is attached hereto as **Exhibit 5.** The Supplemental Notice is attached hereto as **Exhibit 6**.

2. The Court finds and determines that the Classes, as conditionally certified by the Preliminary Approval Order meet all of the legal requirements for class certification for settlement purposes only under F.R.C.P 23(a) and 23(b)(3) and it is hereby ordered that the classes are finally certified for settlement purposes.

3. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Classes and to each Class Member, and that the Class Members who did

not timely submit valid Requests for Exclusion in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. A list of those individuals who have requested to be excluded is attached hereto as **Exhibit 7**.

4.     The Settlement Agreement provides the following release:

Pursuant to the Settlement Agreement, "Released Claims" shall mean all known and unknown claims, demands, rights, liabilities, and causes of action that were asserted (whether in tort, contract, or otherwise), based upon the factual allegations in the Actions as follows:

> Wage and Hour Claims: failure to provide meal periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); failure to provide rest          periods (Lab. Code §§ 204, 223, 226.7, and 1198); failure to pay hourly wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); failure to provide accurate written wage  statements (Lab. Code § 226(a)); failure to timely pay all final wages (Lab. Code §§ 201-203); unfair competition (Bus. and Prof. Code §§ 17200, *et seq.*); civil penalties (Lab. Code §§ 2698, *et seq.*); and failure to pay California employees for all hours worked under the FLSA (29 U.S.C. § 201, *et seq.*)
>
> Background Check Claims: ("Released FCRA/CCRAA/ICRAA Claims"): violation of the FCRA pursuant to 15 U.S.C. 1681b(b)(2)(A); violation of the FCRA  pursuant to 15 U.S.C. §1681b(b)(2)(A); violation of the FCRA pursuant to 15 U.S.C. section 1681(a)(1) and g(c); violation of the ICRAA (California Civ. Code § 1786 *et seq.*); violation of the CCRAA (California Civ. Code § 1785 *et seq.*); and unfair competition (Bus. and Prof. Code  §§ 17200,*et seq.*)

(Settlement Agreement § 31.)

5.     Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

6. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Genco make payments to the Class Members in accordance with the Settlement.

7. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

8. The parties are hereby ordered to comply with the terms of the Settlement.

9. The Court hereby enters final judgment in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on August 13, 2018, and this order.

10. This document shall constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

11. The Parties will bear their own costs and attorneys' fees except as provided herein.

12. The Court **GRANTS** Plaintiff's request for $787,500 in fees (25% of the Settlement Amount) and $16,809.70 in costs. The Court has reviewed counsel's time records and lodestar as a cross-check on the reasonableness of the attorneys' fees portion of the settlement fund and finds the fees requested to be reasonable. The Court likewise has reviewed the costs submitted and finds those costs to be reasonable. The Court **ORDERS** these amounts to be paid to Plaintiff's counsel from the Settlement Amount.

13. The Court **ORDERS** the Settlement Administrator to be paid $55,000 from the Settlement Amount.

14. The Court finds that Plaintiff's requested service award of $5,000 is reasonable and **ORDERS** that it be paid from the Settlement Amount.

15. Except as provided herein, it is **ORDERED, ADJUDGED, AND DECREED** that the above-captioned actions are **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment immediately.

**IT IS SO ORDERED.**

Date: April 23, 2019
_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT "1"

1  Jeremy T. Naftel, State Bar No. 185215
   jnaftel@cdflaborlaw.com
2  Nicole A. Legrottaglie, State Bar No. 271416
   nlegrottaglie@cdflaborlaw.com
3  CAROTHERS DISANTE & FREUDENBERGER LLP
   900 University Avenue, Suite 200
4  Sacramento, California 95825
   Telephone: (916) 361-0991
5  Facsimile: (916) 570-1958

6  Attorneys for Defendant
   GENCO I, INC.
7

8                   **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10 ADAN ORTIZ,                          ) Case No. 4:16-CV-04601 YGR and 4:17-CV-
                                        ) 03692-YGR
11         Plaintiff,                   )
                                        ) **AMENDED JOINT STIPULATION OF**
12    vs.                               ) **CLASS ACTION SETTLEMENT AND**
                                        ) **RELEASE**
13 GENCO I, INC., a Delaware corporation; )
   KRAFT HEINZ FOOD COMPANY, a          ) Action Filed:   June 24, 2016
14 Pennsylvania corporation; and DOES 1-50, )
   inclusive,                           )
15                                      )
           Defendants.                  )
16 _____      )

17

18

19

20

21

22

23

24

25

26

27

28

CAROTHERS DiSANTE &
FREUDENBERGER LLP

Plaintiff Adan Ortiz ("Plaintiff") and Defendant FEDEX SUPPLY CHAIN, INC. ("Defendant;" formerly GENCO I, Inc.) [1] hereby enter into the following Stipulation re Class Action Settlement and Release of Claims ("Settlement"). Once approved by the Court, the Settlement shall be binding on Ortiz, Defendant, and on the Settlement Classes that Ortiz represents in each of the Actions, under the terms stated herein.

## STIPULATION

**A.    DEFINITIONS**

1.    "Actions" shall mean the following cases filed by Plaintiff:

First Filed Action: *Ortiz v. GENCO* (Case No. 4:16-cv-04601-YGR) pending in the United States District Court for the Northern District of California ("First Filed Action")

Second Filed Action: *Ortiz v. Volt Management, Corp. and GENCO* (Case No. 4:16-cv-07096-YGR) which was initially filed in the United States District Court for the Northern District of California but is now in arbitration before the American Arbitration Association ("AAA") ("Second Filed Action").

Third Filed Action: *Ortiz v. GENCO* (Case No. 3:17-cv-03692-JST) pending in the United States District Court for the Northern District of California ("Third Filed Action")

2.    "Additional FLSA Payment" shall mean an additional amount paid to each California Class Member who has an FLSA claim who submits Consent to Join Form. Specifically, their Individual Settlement Payment will be increased by 25%.

3.    "Administration Costs" shall mean the Claims Administrator fees charged by the Claims Administrator which are estimated to not be in excess of fifty five thousand dollars ($55,000.00).

4.    "Agreement" shall refer to this document and all of the exhibits hereto. Each such exhibit is incorporated by reference as though fully set forth herein.

---

[1] GENCO I, Inc. changed its name to FedEx Supply Chain, Inc. effective January 9, 2017

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

CAROTHERS DISANTE &
FREUDENBERGER LLP

1339799.1

1    5.    "Claims Administrator" shall mean a claims administrator which is mutually

2    agreeable to both parties.

3    6.    "Classes" shall mean the aggregate group of Class Members, as follows: (a)

4    California class which includes 874 individuals plus any non-exempt employees hired between

5    January 5, 2018 and the date of preliminary approval and (b) Fair Credit Reporting Act

6    ("FCRA")/Consumer Credit Reporting Agencies Act ("CCRAA")/ Investigative Consumer

7    Reporting Agencies Act ("ICRAA") class which includes 24,425 individuals plus any background

8    checks conducted on employees or applicants between January 8, 2018 and the date of preliminary

9    approval.

10    7.    "Class Members" shall mean all persons within the two Classes, defined as follows:

11    California Class: all current and former non-exempt employees employed by Defendant in

12    the state of California at any time between June 24, 2012 and the date the Court grants preliminary

13    approval of this Settlement, except any employee who has individually adjudicated his/her claims

14    during the Class Period. The identities of the Class Members have been determined by a review of

15    FedEx's payroll and time records. This review indicates that as of January 5, 2018, there were

16    approximately 874 Class Members.

17    FCRA/CCRAA/ICRAA Class: all of Defendant's current, former and prospective

18    applicants for employment and employees in the United States who had a background check

19    conducted on them at any time between May 19, 2010 and the date the court grants preliminary

20    approval, except any current employee, former employee or prospective applicant who has

21    individually adjudicated his/her claims during the Class Period. The identities of the Class

22    Members have been determined by a review of FedEx's background check records. This review

23    indicates that between May 19, 2010 and January 8, 2018, approximately 1,393 background

24    checks have been conducted on California applicants and employees, and between May 19, 2010

25    and January 8, 2018, approximately 23,032 background checks have been conducted on applicants

26    and employees nationally, outside of California.

27    8.    "Class Period" shall mean the following: (a) California class: period from June 24,

28    2012 through the date of preliminary approval; and (b) FCRA/CCRAA/ICRAA: May 19, 2012

1 through the date of preliminary approval for class members who are outside California and May 19,

2 2010 through the date of preliminary approval for class members who are within California.

3      9.     "Complaints" shall mean the Operative Complaints ("Complaints") as follows:

4     First Filed Action: *Ortiz v. Genco* (Case No. 4:16-cv-04601-YGR): Plaintiff's First

5 Amended Complaint alleging individual, class, collective, and representative claims for (1) failure

6 to provide meal periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); (2) failure to provide rest

7 periods (Lab. Code §§ 204, 223, 226.7, and 1198); (3) failure to pay hourly wages (Lab. Code

8 §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); (4) failure to provide accurate written wage

9 statements (Lab. Code § 226(a)); (5) failure to timely pay all final wages (Lab. Code §§ 201-203);

10 (6) unfair competition (Bus. and Prof. Code §§ 17200, *et seq.*); (7) failure to pay employees for all

11 hours worked under the FLSA (29 U.S.C. § 201, *et seq.*); and (8) civil penalties (Lab. Code

12 §§ 2698, *et seq.*).

13     Second Filed Action: *Ortiz v. Volt Management, Corp. and GENCO* (Case No. 4:16-cv-

14 07096-YGR): Plaintiff's Complaint alleging individual and class claims for (1) failure to pay

15 hourly wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); (2) failure to

16 provide accurate written wage statements (Lab. Code § 226(a)); (3) failure to timely pay all final

17 wages (Lab. Code §§ 201-203); (4) unfair competition (Bus. and Prof. Code §§ 17200, *et seq.*); and

18 (5) failure to pay employees for all hours worked under the FLSA (29 U.S.C. § 201, *et seq.*).

19     Third Filed Action: *Ortiz v. GENCO* (Case No. 3:17-cv-03692-JST): Plaintiff's Complaint

20 alleging individual and class claims for (1) violation of the FCRA pursuant to 15 U.S.C. section

21 1681b(b)(2)(A); (2) violation of the FCRA pursuant to 15 U.S.C. section 1681(a)(1) and g(c); (3)

22 violation of the ICRAA (California Civ. Code § 1786 *et seq.*); (4) violation of the CCRAA

23 (California Civ. Code § 1785 *et seq.*); and (5) unfair competition (Bus. and Prof. Code §§ 17200, *et*

24 *seq.*)

25     10.     "Consent to Join and Claim Form for California Class" means the form,

26 substantially in the form attached hereto as Exhibit A, which the Claims Administrator shall send to

27 Class Members who are members of the California Class with FLSA claims.

28

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

1    11.    "Costs of Suit" shall mean all past, present and future costs incurred by Plaintiff

2    and/or Plaintiff's Counsel in litigating the Actions as the Court may authorize to be paid to

3    Plaintiff's Counsel.

4    12.    "Court" shall mean the United States District Court for the Northern District of

5    California.

6    13.    "Effective Date" means the latest of the following: (a) if no Class Member makes an

7    objection to the Settlement, the date the Court grants final approval to the Settlement; (b) if a Class

8    Member objects to the Settlement, the later of: (i) dismissal or withdrawal of the objection by the

9    Class Member; (ii) the passage of the date for seeking appellate review of the Court's final

10   approval of the Settlement without a timely request for review; (iii) the date a Class Member's

11   appeal from the Court's final approval of the Settlement has been voluntarily dismissed; or (iv) an

12   appellate court has rendered a final judgment on a Class Member's appeal affirming the Court's

13   final approval of the Settlement without material modification..

14   14.    "Fee and Expense Award" shall mean such award of attorneys' fees and costs of suit

15   as the Court may authorize to be paid to Plaintiff's Counsel for the services they have rendered to

16   the Plaintiff and the Classes in the Action.

17   15.    "Individual Settlement Payment" shall mean the amount that each California Class

18   Member is entitled to receive from the Settlement Payment after deduction of Administration Costs,

19   the PAGA Payment to be paid to the State of California Labor and Workforce Development

20   Agency, the Fee and Expense Award, and the Ortiz Service Payment and Payroll Taxes.

21   16.    "Individual Payment to Ortiz" shall mean the amount paid to Ortiz for the Release

22   of his Individual Claims against FedEx, as alleged in the Second Filed Case. This amount is

23   $15,000 and is in exchange for a no rehire agreement and general release of claims. This Individual

24   Payment to Ortiz is subject to court approval.

25   17.    "Judgment" shall mean an order and judgment issued by the Court, approving this

26   Agreement as binding upon the Parties, which Judgment shall constitute a final judgment

27   respecting the Parties.

28   18.    "Mediator" shall refer to Stephen J. Sundvold (Ret.).

CAROTHERS DISANTE &
FREUDENBERGER LLP

1339799.1

1   19.   "FedEx" shall refer to Defendant.

2   20.   "FedEx Counsel" shall mean the law firm of Jeremy Naftel, of Carothers DiSante &

3   Freudenberger LLP.

4   21.   "Net Settlement Fund" shall mean the total of Three Million One Hundred and Fifty

5   Thousand Dollars ($3,150,000.00) paid by FedEx ("Settlement Payment") less (1) the Administration

6   Costs, (2) the Attorney Fees and Expense Award, (3) the PAGA Payment, (4)

7   the Ortiz Service Payment, and the Individual Payment to Ortiz for the Release of his Individual

8   Claims.

9   22.   "FLSA and California Notice" means the Notice of Class Action Settlement ,

10  substantially in the form attached as Exhibit B, to be mailed out by the Claims Administrator to

11  Class Members who are members of the California Class who have FLSA claims.

12  23.   "California Notice" means the Notice of Class Action Settlement, substantially in

13  the form attached as Exhibit C, to be mailed out by the Claims Administrator to Class Members

14  who are members of the California Class.

15  24.   "FCRA/CCRAA/ICRAA Notice" means the Notice of Class Action Settlement,

16  substantially in the form of the postcard notice attached as Exhibit D, to be mailed out by the

17  Claims Administrator to Class Members who are members of the FCRA/CCRAA/ICRAA Class.

18  25.   "PAGA Payment" shall mean the portion of the settlement allocated to settle claims

19  brought pursuant to the Private Attorneys General Act, California Labor Code Section 2698 et seq.

20  26.   "Participating Class Members" shall mean those current and former FedEx employees

21  and individuals who applied for employment with FedEx who have been mailed a Notice Packet, and

22  who submit valid and timely Claim Forms.

23  27.   "Parties" shall collectively refer to Plaintiff, the Class, and FedEx.

24  28.   "Plaintiff" shall mean Adan Ortiz, the named plaintiff in the Actions.

25  29.   "Plaintiff's Counsel" shall mean Shaun Setareh of Setareh Law Group.

26  30.   "Preliminary Approval" shall mean that the Court has entered an order preliminarily

27  approving the terms and conditions of this Agreement, including the manner of providing notice to

28  Class Members.

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

31.   "Released Claims" shall mean all known and unknown claims, demands, rights, liabilities, and causes of action that were asserted (whether in tort, contract, or otherwise), based upon the factual allegations in the Actions as follows:

First Filed Action ("Released California and FLSA Claims"): failure to provide meal periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); failure to provide rest periods (Lab. Code §§ 204, 223, 226.7, and 1198); failure to pay hourly wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); failure to provide accurate written wage statements (Lab. Code § 226(a)); failure to timely pay all final wages (Lab. Code §§ 201-203); unfair competition (Bus. and Prof. Code §§ 17200, *et seq.*); civil penalties (Lab. Code §§ 2698, *et seq.*); and failure to pay California employees for all hours worked under the FLSA (29 U.S.C. § 201, *et seq.*)

Third Filed Action ("Released FCRA/CCRAA/ICRAA Claims"): violation of the FCRA pursuant to 15 U.S.C. section 1681b(b)(2)(A); violation of the FCRA pursuant to 15 U.S.C. section 1681(a)(1) and g(c); violation of the ICRAA (California Civ. Code § 1786 *et seq.*); violation of the CCRAA (California Civ. Code § 1785 *et seq.*); and unfair competition (Bus. and Prof. Code §§ 17200, *et seq.*)

Additionally, Plaintiff, on an individual basis, expressly waives and relinquishes to the fullest extent possible the provisions, rights and benefits of California Civil Code Section 1542 and any other similar statute for the alleged violations set forth in the Second Filed Action, *Ortiz v. Volt Management, Corp. and GENCO* (Case No. 4:16-cv-07096-YGR), against Defendant only, based upon the claims and allegations in the Complaint.  The causes of action released from this Action are: failure to pay hourly wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); failure to provide accurate written wage statements (Lab. Code § 226(a)); failure to timely pay all final wages (Lab. Code §§ 201-203); unfair competition (Bus. and Prof. Code §§ 17200, *et seq.*); and failure to pay employees for all hours worked under the FLSA (29 U.S.C. § 201, *et seq.*).

32.   "Settlement" or "Settlement Agreement" shall mean the terms and conditions set forth in this Agreement.

/ / /

/ / /

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

CAROTHERS DiSANTE & FREUDENBERGER LLP

1339799.1

33.    "Settlement Class Members" and "Settlement Class" shall mean all Class Members who have not excluded themselves from the Settlement in accordance with the requirements set forth in the Notice and who have received written Notice.

34.    "Settlement Payment" or "Settlement Fund" shall mean the total of Three Million One Hundred and Fifty Thousand Dollars ($3,150,000.00) paid by FedEx as described in this Agreement.

35.    "Ortiz Service Payment" shall mean the amount to be paid to Plaintiff Adan Ortiz as consideration for the services he rendered to the Classes in the Actions.

RECITALS

36.    **Background of Matters.**

First Filed Action: *Ortiz v. Genco* (Case No. 4:16-cv-04601-YGR): On June 24, 2016, Ortiz filed a putative class action complaint against Defendant and Kraft Heinz Food Company in Alameda Superior Court.[2]  Plaintiff amended his complaint ("FAC") on July 27, 2016.  Plaintiff's FAC alleges claims for (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay hourly wages; (4) failure to provide accurate written wage statements; and (5) failure to timely pay all final wages, in addition to a claim for (6) unfair competition; (7) failure to pay employees for all hours worked under the Fair Labor Standards Act ("FLSA"); and (8) civil penalties under PAGA. Each of Plaintiff's claims, except his sixth claim for unfair competition and seventh claim for failure to pay for all hours worked under the FLSA, allege violations of the California Labor Code.  Defendant removed this action to the U.S. District Court, Northern District on August 12, 2016.

Second Filed Action:  *Ortiz v. Volt Management, Corp. and GENCO* (Case No. 4:16-cv-07096-YGR) On December 13, 2016, Plaintiff filed a putative class action complaint against Volt Management Corp. and Defendant in the U.S. District Court, Northern District.  Plaintiff's complaint alleges claims for (1) failure to pay hourly wages; (2) failure to provide accurate written wage statements; (3) failure to timely pay all final wages; (4) unfair competition; and (5) failure to

---

[2] Kraft Heinz was voluntarily dismissed from this action on December 29, 2016.

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

1  pay employees for all hours worked under the FLSA. Each of Plaintiff's claims, except his fifth

2  claim for failure to pay for all hours worked under the FLSA, alleges violations of the California

3  Labor Code. On February 3, 2017, Volt filed a motion to compel arbitration, which Defendant

4  joined on March 3, 2017. The court granted Volt's motion to compel arbitration on May 11, 2017

5  and granted Defendant's joinder to Volt's motion to compel arbitration on June 2, 2017. The court

6  stayed the entire litigation pending the completion of arbitration proceedings.

7      Third Filed Action: *Ortiz v. GENCO* (Case No. 3:17-cv-03692-JST): On May 19, 2017,

8  Plaintiff filed a putative class action complaint against Defendant in Alameda Superior Court.

9  Plaintiff's complaint alleges claims for (1) violation of the FCRA pursuant to 15 U.S.C. section

10  1681b(b)(2)(A); (2) violation of the FCRA pursuant to 15 U.S.C. section 1681a(a)(1) and g(c); (3)

11  violation of the ICRAA (California Civ. Code § 1786 *et seq.*); (4) violation of the CCRAA

12  (California Civ. Code § 1785 *et seq.*); and (5) unfair competition (Bus. and Prof. Code §§ 17200, *et*

13  *seq.*). Defendant removed this action to the U.S. District Court, Northern District on June 28,

14  2017.

15      37.  **Mediation.** The Parties attended and participated in a mediation session before the

16  Mediator on September 1, 2017, which resulted in this proposed settlement.

17      38.  **Plaintiff's Claims.** Plaintiff has claimed, and continues to claim, that his contentions

18  in each of the Actions have merit and give rise to FedEx's liability. Nothing in this Agreement, the

19  documents referenced in this Agreement, nor any action taken to carry out this Agreement is, or may

20  be construed as or may be used as, an admission by or against the Plaintiff as to the merits or lack

21  thereof of the claims he asserted.

22      39.  **Denial of Wrongdoing.** FedEx denies all of the claims, contentions, and

23  each and every allegation made by the Plaintiff. In addition, nothing herein shall be deemed to

24  waive any of FedEx's objections and defenses to class certification or any other issue relating to or

25  arising from the allegations set forth in the Complaint, as amended.

26      40.  **Inadmissibility of This Agreement.** Whether or not the Settlement is finally

27  approved, and except and to the extent that this Agreement becomes a release of claims on the

28  Effective Date, as provided for herein, neither the Settlement, nor any of its terms, nor any

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

(a.) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage; or

(b.) disclosed, referred to, or offered or received in evidence against any of the Parties, in any further proceeding in the Actions, or any other civil, criminal or administrative Action or proceeding except for purposes of settling the Actions pursuant to the terms of this Agreement.

41. **Investigation, Discovery, and Research.** Plaintiff conducted significant investigation of the facts and law both before and after the Actions were filed. Moreover, after the lawsuits were filed the parties engaged in extensive formal and informal discovery and investigations; review and analysis of time worked, work performed, and wage records by counsel and experts; exchange of mediation briefs and materials; and interviews of potential witnesses. Counsel for the Parties have further researched and analyzed the applicable law as applied to the facts discovered regarding Plaintiff's claims, the defenses thereto, and the damages claimed by Plaintiff.

42. **Plaintiff's Reasons for Settlement.** Plaintiff has considered the expense and length of continued proceedings necessary to continue the Actions against FedEx through trial and any possible appeals. Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the Actions, FedEx's defenses thereto, and the difficulties in establishing damages. Based on the foregoing and on the advice of Plaintiff's Counsel, Plaintiff has determined that the Settlement set forth in this Agreement is fair, adequate, and reasonable, and is in the best interests of the Class Members.

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

43.     **FedEx's Reasons for Settlement.** FedEx's Counsel has performed a thorough study of the law and facts relating to the claims asserted in the Action. The Parties participated in a mediation session before Stephen Sundvold, a well-respected mediator. Based upon its investigation and mediation efforts, and taking into account the sharply contested issues, the expense and time necessary to pursue the actions through trial, the risks and costs of further defense of the Actions, the uncertainties of complex litigation, the advice of FedEx's Counsel, and the substantial benefits to the Class Members and the State of California, FedEx has concluded that a settlement with Plaintiff on the terms set forth herein is fair, reasonable, adequate and in the best interests of FedEx and the Class Members.

NOW THEREFORE, it is agreed by and between the undersigned that the Actions be settled and compromised, conditioned upon approval by the Court and the other conditions set forth in this Agreement, as between Plaintiff, on behalf of herself and the Settlement Class he represents, and FedEx, on the following terms and conditions:

## TERMS OF AGREEMENT

44.     **Stipulation for Conditional Certification of the Class.** Solely for purposes of consummation and fulfillment of this Agreement, the Parties each agree to the conditional certification of the Classes. Should, for whatever reason, the Settlement not become final, the Parties' stipulation to conditional class certification shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

45.     **Application for Preliminary Approval.** Counsel for the Parties shall jointly request a hearing before the Court to seek Preliminary Approval of the Settlement on the earliest practical date. In conjunction with such hearing, the Parties will provide the Court with this Agreement, together with the Exhibits hereto, and any other documents necessary to implement the Settlement. Simultaneously with the filing of this Agreement, and solely for purposes of this Settlement, counsel for the Parties will request that the Court enter a Preliminary Approval Order, preliminarily approving the proposed Settlement, conditionally certifying the Classes and approving the Class Period for settlement purposes only, approving as to form and content the

1  proposed Class Notice, preliminarily approving costs of administration payable to the Claims

2  Administrator, enjoining Plaintiff and all Class Members from filing or prosecuting any claims,

3  suits or administrative proceedings (including filing claims with the California Division of Labor

4  Standards Enforcement) regarding claims released by the Settlement unless and until such Class

5  Members have filed a valid request for exclusion with the Claims Administrator and the time for

6  filing claims with the Claims Administrator has elapsed and setting a date for the Final Approval

7  Hearing.

8       46.     **Notice, Claim, Exclusion and Objection Procedures.**

9              (a.)     Within fifteen (15) business days following the Court's entry of an Order

10                      Granting Preliminary Approval of the Settlement, Defendant shall provide to

11                      the Settlement Administrator a database or spreadsheet listing the name, last

12                      known home address, social security number and the number of workweeks

13                      (rounded up to the nearest whole number) worked during the Release Period

14                      for each Class Member (the "Class List").

15             (b.)     Within 10 days after receiving the Class List from Defendant, the Settlement

16                      Administrator shall send Class Members by first class mail documents

17                      comprising a Notice Packet as follows:

18              i.      Class Members who are members of the California Class who have

19                      FLSA claims shall be sent a Notice Packet containing the FLSA and

20                      California Notice and the Consent to Join and Claim Form.

21             ii.      Class Members who are members of the California Class but who do

22                      not have FLSA claims shall be sent a Notice Packet containing the

23                      California Notice.

24            iii.      Class Members who are members of the FCRA/CCRAA/ICRAA

25                      Class shall be sent a Notice Packet, in the form of a postcard notice,

26                      with information on how to access the long form Notice on the

27                      settlement administrator website.

28

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

(c.)    The Claims Administrator shall use reasonable standard skip tracing devices as necessary to verify the accuracy of all addresses before the initial mailing date to ensure that Notice Packets are sent to all Class Members at the addresses most likely to result in immediate receipt of those documents. It shall be conclusively presumed that any Notice Packet so mailed and not returned as undeliverable within thirty (30) days of the mailing shall have been received by the Class Member. With respect to returned Notice Packets, the Claims Administrator shall use reasonable diligence to obtain a current address and re-mail to such address.

(d.)    Class Members shall have 60 days from the initial mailing of Notice Packets to submit a Consent to Join and Claim Form. 30 days after the initial mailing of Notice Packets, the Claims Administrator shall send a reminder postcard to all Class Members who have FLSA claims who have not yet submitted a Consent to Join and Claim Form, to remind them of the deadline for submitting a Consent to Join and Claim Form. A Class Member who has FLSA claims who fails to submit a valid and timely Consent to Join and Claim Form shall not be entitled to receive the Additional FLSA Payments under the Settlement.

(e.)    Class Members who are members of the California Class may request exclusion from the Settlement by sending a letter to the Claims Administrator advising that they do not wish to participate in, or wish to "opt out" from, the Settlement. Class Members who are members of the California Class shall have 60 days from the initial mailing of Notice Packets to send a request for exclusion letter to the Claims Administrator. A Class Member who is a member of the California Class who fails to submit a timely request for exclusion letter shall be bound by the release and final judgment effectuated by this Settlement whether or not that Class Member properly submits a claim for settlement benefits under this Settlement. In the

event a Class Member who is a member of the California Class submits both a Consent to Joinand Claim Form and a request for exclusion letter, the Consent to Join Form will govern and the request for exclusion letter will be deemed null and void.

(f.) Class Members who are members of the FCRA/CCRAA/ICRAA Class may request exclusion from the Settlement by sending a letter to the Claims Administrator advising that they do not wish to participate in, or wish to "opt out" from, the Settlement. Class Members who are members of the FCRA/CCRAA/ICRAA Class shall have 60 days from the initial mailing of Notice Packets to send a request for exclusion letter to the Claims Administrator. A Class Member who is a member of the FCRA/CCRAA/ICRAA Class who fails to submit a timely request for exclusion letter shall be bound by the release and final judgment effectuated by this Settlement whether or not that Class Member properly submits a claim for settlement benefits under this Settlement.

(g.) Class Members who are members of the California Class who have FLSA Claims shall not be bound by the release of any claims under the FLSA effectuated by this Settlement unless they submit a valid and timely Consent to Join Form or Consent to Sue and Claim Form. A Class Member who is a member of the California Class and who has FLSA claims, however, will be bound by the release of any claims under California law effectuated by this Settlement unless he or she timely submits a letter requesting exclusion from the Settlement.

(h.) If disputes about the validity or timeliness of any submitted Consent to Join Form, or request for exclusion letter arise, the Parties shall meet and confer. If the Parties cannot resolve the dispute, the Claims Administrator shall make a final and binding determination as to whether the disputed Consent

14

CAROTHERS DISANTE &
FREUDENBERGER LLP

1339799.1

1            to Sue Form, Claim Form or request for exclusion letter shall be deemed

2            valid.

3    (i.)    If 10% or more of Class Members submit a timely request for exclusion

4            letter, Defendant at its sole option may abrogate the Settlement, in which

5            case the Settlement shall be null and void. Defendant shall exercise this

6            right within ten (10) days after notification by the Claims Administrator of

7            the total number of Class Members who submitted a valid letter requesting

8            exclusion.

9    (j.)    Class Members shall have 60 days from the initial mailing of the Notice

10           Packet by the Claims Administrator to submit any objections to the

11           Settlement and advise of their desire to appear at the Final Fairness Hearing.

12           The applicable notice document in each Notice Packet shall include specific

13           instructions to Class Members for submitting objections.

14    47.    **No Solicitation of Objections or Exclusions.**

15       The Parties agree to use their best efforts to carry out the terms of this Settlement. Neither

16 the Parties nor their counsel or agents will contact Class Members for the purpose of attempting to

17 influence them to participate or not to participate in this Settlement. However, if contacted by a

18 Class Member, FedEx's Counsel and Plaintiff's Counsel may provide accurate information or

19 assistance regarding any aspect of the Settlement requested by the Class Member. At no time shall

20 any of the Parties or their counsel or their agents solicit or otherwise encourage Class Members or

21 any other persons (including but not limited to the State of California Labor & Workforce

22 Development Agency) to submit written objections to the Settlement, consent or not consent to sue,

23 requests for exclusion from the Settlement, or encourage Class Members or any other person to

24 appeal from the Judgment.

25                 **FINAL APPROVAL AND JUDGMENT**

26    48.    **Final Approval Hearing.** After Preliminary Approval, notice to the Class and an

27 opportunity for objection, a Final Approval Hearing shall be held on a date set by the Court. In

28 connection with the Final Approval Hearing, the Parties shall file such papers with the Court as

Carothers DiSante &
Freudenberger LLP

1339799.1

1    either their counsel or the Court may determine to be necessary. Plaintiff's Counsel shall file proof

2    of Notice before the Final Approval Hearing.

3         49.    **Prior to the Final Approval Hearing.** Plaintiff's Counsel will prepare and, after

4    review and approval by Defendant, submit to the Court a proposed final order and Judgment:

5              (a.)    Approving the Settlement, adjudging the terms thereof to be fair, reasonable

6                      and adequate, and directing consummation of its terms and provisions;

7              (b.)    Approving Plaintiff's Counsel's application for an award of attorneys' fees

8                      and reimbursement of costs, including the Claims Administrator's fees;

9              (c.)    Approving the Service Payment to Plaintiff; and

10             (d.)    Permanently barring and enjoining all members of the Settlement Class from

11                     prosecuting against the parties released in this Settlement any individual or

12                     class, collective or representative claims released, upon satisfaction of all

13                     payments and obligations in this Settlement Agreement.

14        50.    **Judgment.** After Final Approval of the Settlement, the Parties shall obtain entry of

15   a Judgment. It is expressly agreed by the Parties that the Court will retain jurisdiction to enforce the

16   terms of this Agreement and the Judgment. Upon the completion of all distributions in accordance

17   with the terms of the Judgment, Plaintiff's Counsel shall prepare, file and serve on FedEx's counsel

18   an Acknowledgement of Satisfaction of the Judgment in full.

19        51.    **Disputes.** If a Class Member disputes the time period listed on the Class Notice,

20   the Class Member may produce evidence to the Claims Administrator indicating the dates contended

21   to have been worked during the applicable Class Period. FedEx's records will be presumed

22   determinative, but the Claims Administrator will evaluate the evidence submitted by the Class

23   Member and FedEx, and make the final decision as to which dates should be applied, subject to the

24   right of FedEx or the Class Member to appeal the decision to the Court.

**CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL,**

**CANCELLATION AND TERMINATION**

27        52.    **Nullification of Agreement.**

28             (a.)    The Parties expressly agree that, in the event:

(i)      the persons opting out of the Settlement equal or exceed either 10% of the number of Settlement Class Members or if the potential Individual Settlement Payments of the persons opting out equal or exceed 10% of the Net Settlement Fund then FedEx in its sole discretion may choose to nullify the Settlement;

(ii)      If the State of California or United States any agency or department or authority of the State of California or of the United States objects to the proposed Settlement or commences any proceedings to recover any additional fines, penalties, damages or monetary or non-monetary relief against FedEx based on any of the operative facts or claims alleged in the Complaint at any time prior to the Final Approval of the Settlement and entry of Judgment.

53. **Consideration from FedEx.** In full settlement of the claims asserted in the Action and all Released Claims, FedEx shall pay a maximum gross settlement amount of Three Million One Hundred and Fifty Thousand Dollars ($3,150,000.00) as the Settlement Payment. The Settlement Payment in the Actions have five components: (1) the Individual Settlement Payments (excluding Employer's Taxes); (2) the Fee and Expense Award; (3) the Ortiz Service Payment; (4) the Ortiz Individual Payment for his individual release of claims in the Second Filed Action; (5) the PAGA Payment; and (6) the Administration Costs.

54. **Gross Settlement Fund.** Defendant shall deposit the Settlement Payment into an interest bearing account (the "Gross Settlement Fund") controlled by the Claims Administrator within ten (10) Court days after Final Approval. If this Agreement is nullified for any reason pursuant to § 57, then the Claims Administrator will return the Settlement Payments to FedEx.

55. **Net Settlement Fund.** The settlement funds available for distribution to Participating Class Members from the Settlement Payment in the Gross Settlement Fund shall be calculated by deducting from the Settlement Payment: (1) the Attorney Fee and Expense Award

1 (as approved by the Court); (2) the Ortiz Service Payment; (3) the Ortiz Individual Payment for his
2 individual release of claims in the Second Filed Action; (4) the PAGA payment; and (5) the
3 Administration Costs (as approved by the Court) (the "Net Settlement Fund").

4     56.   **Uncashed Settlement Checks.**

5         (a.)     If any of the Individual Settlement Payments to the California Class are
6                returned or remain uncashed within one hundred, twenty (120) calendar days
7                after the distribution to the Participating Settlement Class Members, any
8                unused, returned or uncashed Individual Settlement Payments will be
9                distributed to the State of California Department of Industrial Relations
10                Unpaid Wages Fund.

11         (b.)     If any of the Individual Settlement Payments to the FCRA/CCRAA/ICRAA
12                Class are returned or remain uncashed within one hundred, twenty (120)
13                calendar days after the distribution to the Participating Settlement Class
14                Members, any unused, returned or uncashed Individual Settlement Payments
15                will be distributed to the following cy pres recipient: Public Justice.

16         (c.)     No amount will revert to Defendant.

17              **INDIVIDUAL SETTLEMENT PAYMENTS**

18     57.   **Formula for Distributions to Class Members.** Each Class Member who does not
19 request exclusion in accordance with Paragraph 46 shall receive a share of the Net Settlement
20 Amount as follows: (a) California class: 50 percent (50%) of the Net Settlement Amount; and (b)
21 FCRA/CCRAA/ICRAA class: 50 percent (50%) of the Net Settlement Amount.

22         (a.)     California Class: 50% of the Net Settlement Amount shall be apportioned to
23                the California Class, which shall be divided by the total number of
24                workweeks (rounded up to the nearest whole number) worked by all Class
25                Members during the Class Period. The result shall be the Settlement Benefit
26                Per Workweek. California Class Members who have FLSA claims and who
27                submit a Consent to Join form will get 25% more than they otherwise would

28

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

1  have been entitled to. To accomplish this, their workweeks will be increased

2  by 25% from the workweeks actually worked.

3      (b.)  Subject to Paragraph 64(a), the gross amount of Settlement Benefits payable

4  to an individual Class Member in the California Class (i.e. before deductions

5  for income taxes) shall be calculated by multiplying the Settlement Benefit

6  by Workweek by the total number of workweeks (rounded up to the nearest

7  whole number) worked by the Class Member during the Class Period.

8      (c.)  FCRA/CCRAA/ICRAA Class: Each Class Member who does not request

9  exclusion shall receive a share of 50% of the Net Settlement Amount, which

10  shall be divided by the total number of Class Members during the Class

11  Period.

12      58.  **Difficulty of Determining Claims.** The Parties recognize and agree that the precise

13  amounts of compensation claimed in this litigation are extremely difficult to determine with any

14  certainty for any given year, if at all, and are subject to a myriad of different calculations and

15  formulas. The Parties agree that the formula for allocating the Individual Settlement Payments to

16  the Plaintiff and Participating Class Members provided herein is reasonable and that the payments

17  provided herein are designed to provide a fair settlement to such persons, in light of the

18  uncertainties regarding the compensation alleged to be owed to the Class and the calculation of

19  such amounts.

20      59.  **Distribution of Net Settlement Fund.** If no objections are filed, the Net Settlement

21  Fund will be distributed to the Participating Class Members within ten (10) Court days after Final

22  Approval. If objections are filed, but no appeals are filed, the Net Settlement Fund will be

23  distributed within sixty-five (65) calendar days after Final Approval. If any objection(s) and

24  unsuccessful appeal(s) are filed, the Net Settlement Fund will be distributed within ten (10) Court

25  days after the resolution of any appeal.

26      (a.)  Any check issued to any Participating Class Member shall remain valid and

27  negotiable for one hundred, twenty (120) calendar days from the date of its

28

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

1        issuance but may thereafter automatically be canceled if not cashed by the

2        Participating Class Member within that time, in which case such Participating

3        Class Member's claim will be deemed null and void and of no further force

4        and effect, but the affected Participating Class Member shall remain a

5        member of the Settlement Class and shall be bound by all the terms of this

6        Settlement Agreement and the Court's Judgment.

7     (b.)   No person shall have any claim against the Parties or the Claims

8        Administrator based on mailings, distributions and payments made in

9        accordance with this Agreement or any order of the Court. The Claims

10        Administrator is not and shall not be deemed to be an employee or agent

11        of any Party.

12   60.    **Fee and Expense Award and Costs of Suit.** Plaintiff's Counsel intends to request

13 that the Court authorize and award attorneys' fees of up to One Million and Fifty Thousand Dollars

14 ($1,050,000) representing one third of the Gross Settlement Fund, and an award of the Costs of Suit

15 of up to twenty thousand Dollars ($20,000), both of which must be approved by the Court; and said

16 amounts shall be included in and paid from the Gross Settlement Fund. The amounts paid in fees

17 and expenses shall be for all claims for attorneys' fees and all costs and expenses past, present and

18 future, incurred in the Action. The attorneys' fees are to compensate Plaintiff's Counsel for all the

19 work already performed in the Action, and all the work remaining to be performed in obtaining

20 Preliminary Approval and Final Approval of the Settlement, ensuring that the Settlement is fairly

21 administered and implemented, and representing the Class with respect to any appeals in this

22 Action.

23     (a.)   The Fee and Expense Award referenced in this paragraph shall be paid by

24        the Claims Administrator from the Gross Settlement Fund to Plaintiff's

25        Counsel no later than ten (10) Court days after Final Approval, unless

26        objections to the fee application have been filed, in which case payment shall

27        be made sixty-five (65) calendar days after Final Approval if no appeal is

28        filed, or, if an appeal is filed, ten (10) Court days after the resolution of any

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

1  unsuccessful appeal. All such attorneys' fees and expenses shall be paid

2  solely from the Gross Settlement Fund, and FedEx shall not be required to

3  otherwise pay any portion of such attorneys' fees and expenses. The fees

4  and expenses shall be reported on an IRS 1099 Form by FedEx to the

5  appropriate taxing authorities, with a copy to Plaintiff's Counsel.

6  (b.)  Payment of the Fee and Expense Award to Plaintiff's Counsel shall

7  constitute full satisfaction of any obligation to pay any amounts to any

8  person, attorney or law firm for attorneys' fees, expenses or costs in the

9  Actions incurred by any attorney on behalf of the Plaintiff or the

10  Settlement Class, and shall relieve the Released Parties of any other claims

11  or liability to any other attorney or law firm for any attorneys' fees,

12  expenses and/or costs to which any of them may claim to be entitled on

13  behalf of the Plaintiff and/or the Settlement Class. Upon receipt of the Fee

14  and Expense Award, Plaintiff's Counsel will be deemed to have released

15  the Released Parties from any and all claims resulting from the Action.

16  Plaintiff's counsel further represents that there are no liens or other claims

17  for attorneys' fees and costs asserted or reasonably capable of being

18  asserted plausibly by any person or entity other than Plaintiff's Counsel.

19  Plaintiff and Plaintiff's Counsel agree to indemnify, defend, and hold

20  harmless the Released Parties against any liens or other claims for

21  attorneys' fees and costs that are or may be later asserted by any person or

22  entity other than Plaintiff's Counsel.

23  61.  **Ortiz Service Payment.** The Parties intend to request that the Court authorize and

24  award a service fee to the named Plaintiff, Adan Ortiz, in the amount of Five Thousand Dollars

25  ($5000), for his services to the Class Members. Said amount shall be included in and paid from the

26  Gross Settlement Fund.

27  (a.)  The Ortiz Service Payment referenced in this paragraph shall be paid by the

28  Claims Administrator from the Gross Settlement Fund to Plaintiff's Counsel

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

no later than ten (10) Court days after Final Approval, unless objections to the payment have been filed, in which case payment shall be made sixty-five (65) calendar days after Final Approval if no appeal is filed, or, if an appeal is filed, ten (10) Court days after the resolution of any unsuccessful appeal. Any Ortiz Service Payment shall be paid solely from the Gross Settlement Fund, and FedEx shall not be required to otherwise pay any portion of such payment. The Ortiz Service Payment shall be reported on an IRS 1099 Form by FedEx to the appropriate taxing authorities, with a copy to Plaintiff's Counsel.

    (b.)    The payment to Plaintiff as provided in this paragraph in no way prohibits Plaintiff's receipt of an Individual Settlement Payment as a Participating Class Member.

62. **Administration Costs.** The Administration Costs estimated to be approximately fifty five thousand dollars ($55,000) shall be paid from the Settlement Payment made by FedEx and deducted from the Gross Settlement Fund.

63. **FedEx's Legal Fees and Costs.** All of FedEx's own legal fees, costs and expenses incurred in the Actions shall be borne by FedEx, except for any administrative costs incurred as part of the Settlement administration tasks described above. Any Administration Costs shall be deducted from the Gross Settlement Fund.

64. **Parties' Cooperation in the Administration of the Settlement.** The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

65. **Settlement Awards to the State of California and Class Members to Settle the Private Attorneys General Act (PAGA) Labor Code Section 2699 Claim.** To implement the terms of this Settlement, the Parties have allocated a total of One Hundred and Fifty Thousand Dollars ($150,000.00) from the Gross Settlement Fund to the PAGA Payment. Labor Code section 2699(i) requires that any settlement under this section is distributed as follows: Seventy-five percent (75%) to the State's LWDA for enforcement of labor laws and education of employers and twenty-

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

five percent (25%) to aggrieved employees. Therefore, One Hundred and Twelve Thousand Five Hundred Dollars ($ 112,500.00) will be paid to the State. The remaining Thirty Seven Thousand Five Hundred Dollars ($ 37,500.00) will be paid equally to Participating Class Members by adding to the Net Settlement Fund.. The PAGA Payment is in the nature of a statutory penalty, as provided for in Labor Code section 2699(i). These payments shall not be subject to withholding.

66.     **Tax Allocation.** The Individual Settlement Payment to each Participating Class Member shall be allocated as follows: For members of the California Class for any payment they receive as a member of the Class 50% shall be attributed to non-wage damages, including interest and penalties, to be reported on a 1099 Form; and 50% shall be attributed to wages, to be reported on a W-2 Form. For members of the FCRA/CCRAA/ICRAA Class for any payment they receive as a member of that class 100% shall be attributed to non-wage damages, including interest and penalties, to be reported on a 1099 Form. The Individual Settlement Payments will be reduced by any required legal deductions for each Class Member. All standard employee payroll deductions will be made for state and federal withholding taxes, including any other applicable payroll deductions owed by the Participating Class Members as a result of the wage component, resulting in a net wage component." The Claims Administrator will issue a check and W-2 Form to each Class Member for the wage component. No withholding shall be made on the interest and penalty portions of the Individual Settlement Payment. The Claims Administrator will issue a second check and IRS Form 1099 for the remaining interest component and a third check and IRS Form 1099 for the remaining penalty component. The Claims Administrator shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes.  The Claims Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payments under the terms of this Settlement Agreement. Any disputes not resolved by the Claims Administrator concerning the administration of the Settlement will be resolved by the Court, under the laws of the State of California. Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to resolve the dispute without the necessity of involving the Court.

67.     **Notification and Certification by Claims Administrator.** The Claims Administrator shall keep counsel for the Parties apprised of the status of the distributions of

1 Individual Settlement Payments. Upon completion of administration of that portion of the

2 Settlement, the Claims Administrator shall provide written certification of such completion to

3 counsel for the Parties.

4        68.   **Waiver of Liability.** No person shall have any claim against the Parties based on

5 mailings, distributions and payments made, or any other action taken, in accordance with or

6 pursuant to this Agreement or any order of the Court.

7        69.   **No Tax Advice.** Neither Plaintiff's Counsel nor FedEx's Counsel intend anything

8 contained herein to constitute legal advice regarding the taxability of any amount paid hereunder,

9 nor shall it be relied upon as such. The tax issues for each Class Member are unique, and each

10 Class Member is advised to obtain tax advice from his or her own tax advisor with respect to any

11 payments resulting from the Individual Settlement Payments.

12 **RELEASE OF CLAIMS**

13        70.   <u>**Release by the Settlement Class Members.**</u>

14           (a.)   <u>California Class Members Release</u>: Each Class Member who is a member of

15                the California Class who fails to submits a timely and valid letter requesting

16                exclusion from the Settlement shall, upon the Effective Date, be deemed to

17                have released any and all claims against Defendant and any former and

18                present parent, subsidiary, and affiliated corporations, and their officers,

19                directors, employees, partners, shareholders and agents, and any other

20                successors, assigns, or legal representatives ("Released Parties"), from any

21                and all claims, rights, demands, liabilities and causes of action under

22                California law giving rise to potential liability for acts or omissions during the

23                California Class Period which were or could have been raised as part of the

24                Plaintiff's claims in the Action based on the facts alleged in the Complaint

25                (the "Released California Claims and FLSA Claims"). As to the Released

26                California Claims only, each Class Member who is a member of the

27                California Class who fails to submit a timely and valid letter requesting

28                exclusion from the Settlement waives all rights and benefits afforded by

Section 1542 of the California Civil Code ("Section 1542"). Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

(b.)  FCRA/CCRAA/ICRAA Class Members Release: Each Class Member who is a member of the FCRA/CCRAA/ICRAA Class who fails to submits a timely and valid letter requesting exclusion from the Settlement shall, upon the Effective Date, be deemed to have released any and all claims against Defendant and any former and present parent, subsidiary, and affiliated corporations, and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action under California or federal law giving rise to potential liability for acts or omissions during the FCRA/CCRAA/ICRAA Class Period which were or could have been raised as part of the Plaintiff's claims in the Action based on the facts alleged in the Complaint (the "Released FCRA/CCRAA/ICRAA Claims").

(c.)  Ortiz's Individual Release of Claims in Second Filed Action: Plaintiff, on an individual basis, expressly waives and relinquishes to the fullest extent possible the provisions, rights and benefits of California Civil Code Section 1542 and any other similar statute for the alleged violations set forth in the Second Filed Action, *Ortiz v. Volt Management, Corp. and GENCO* (Case No. 4:16-cv-07096-YGR), against Defendant only, based upon the claims and allegations in the Complaint. The causes of action released from this Action are: failure to pay hourly wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); failure to provide accurate written wage statements (Lab. Code § 226(a)); failure to timely pay all final wages (Lab. Code §§ 201-203);

unfair competition (Bus. and Prof. Code §§ 17200, *et seq.*); and failure to pay employees for all hours worked under the FLSA (29 U.S.C. § 201, *et seq.*).

(d.) <u>Additional Attorney's Fees Released by Class Counsel</u>:  In consideration of an award of attorneys' fees, expenses and costs in accordance with this Settlement, Class Counsel waives any and all claims to any further attorney's fees and costs in connection with the Action.

71. The Individual Settlement Payments shall be paid to Participating Class Members specifically in exchange for the release of the Released Parties by Plaintiff and Settlement Class Members with regard to the Released Claims and for the covenant by Plaintiff and the Settlement Class Members not to sue or make a claim concerning the Released Claims. Plaintiff and the Settlement Class Members request all courts and government agencies of competent jurisdiction to approve and enforce their release as set forth in this agreement. The Settlement Class Members forever agree that they shall not accept wages, punitive damages, penalties of any nature, attorneys' fees and costs, or any other relief from any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against any of the Released Parties.

## **ADDITIONAL MATTERS**

72. **The Agreement and Exhibits.** This Agreement includes the terms set forth herein and contained in Exhibits A-D, which are incorporated by reference herein and in the definition of "Agreement" as though fully set forth. All exhibits to this Agreement are an integral part of the Agreement.

73. **Headings and Captions.** The headings and captions contained in this Agreement are inserted for convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision thereof.

74. **Interim Stay of Proceedings.** Pending the Final Approval Hearing to be conducted by the Court, or earlier if for any reason the settlement contemplated by this Agreement will not occur, the Parties agree to hold in abeyance all proceedings in the Action, except such proceedings as are necessary to implement and complete the Settlement, or to comply with any order of the Court.

1339799.1

75.     **Injunction against Duplicate Claims and Stay of Pending Proceedings.** Upon Preliminary Approval of the Agreement, the Class Members shall be enjoined from filing any related actions, claims, complaints, or proceedings in any state or federal court or with the California Department of Industrial Relations' Division of Labor Standards Enforcement ("DLSE") or the United States Department of Labor ("DOL"), or from initiating any other proceedings, regarding the Released Claims defined above until the Notice period has expired. Any related pending actions, claims, complaints, or proceedings in any state or federal court or with the DLSE or DOL, shall be stayed until the Class Members have had an opportunity to decide to participate, object or file a request for exclusion from the class settlement. This Agreement is conditioned upon the release by all Settlement Class Members as described above, and upon covenants by all Settlement Class Members that they will not participate in any actions, lawsuits, proceedings, complaints, or charges brought individually or by the California Division of Labor Standards Enforcement or by the U.S. Department of Labor, in any court or before any administrative body relating to the Released Claims, nor will Settlement Class Members oppose efforts by FedEx to oppose any attempt to bring such claims against FedEx or the Released Parties that are embodied by the Released Claims.

76.     **Public Comment.** Plaintiff and FedEx, and their respective counsel, recognize and accept that the Parties' desire that the terms of this Agreement, the fact of the settlement embodied in this Agreement, the disposition of the Action, and all matters relating to the litigation of the Action, including discovery and mediation proceedings therein, and evidence obtained during the course of this Action, shall not be discussed with or presented to the media. Accordingly, Plaintiff and Class Counsel shall not initiate or have any communications at all with the media, other than to direct the media to the public records of the Settlement on file with the Court, or post any advertisements or marketing information seeking other clients to represent in other lawsuits against FedEx, including on websites, regarding this Settlement and its terms. In addition, documents and information exchanged between the Parties in discovery, and information provided on an informal basis or during mediation, shall not be discussed with or presented to the media or any other third person at any time.

CAROTHERS DISANTE &
FREUDENBERGER LLP

1339799.1

77. **Amendment or Modification.** This Agreement may not be amended or modified in any respect except by a written instrument duly executed by all of the Parties to this Agreement or their counsel, and approved by the Court.

78. **Entire Agreement.** This Agreement and its Exhibits constitute the entire Agreement of the Parties with respect to the matters discussed herein, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

79. **Authorization to Enter into Settlement Agreement.** Each signatory to this Agreement hereby warrants and represents that he or she has the authority to execute this Agreement, thereby binding the respective party to take all appropriate action required or permitted to be taken by the Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel agree to cooperate with each other and to use their best efforts to effect the implementation of this Agreement.

80. **Binding Effect of the Agreement.** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, legal representatives, executors, administrators, successors, and assigns.

81. **Choice of Law.** In determining the rights of the Parties hereto, this Agreement shall be governed by, construed, and interpreted in accordance with the internal laws of the State of California, without regard to the conflict of laws principles thereof.

82. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be an original, provided that counsel for the Parties shall exchange among themselves original signed counterparts. This Agreement is effective upon execution of at least one counterpart by each party to this Agreement.

1    83.    **Representation by Counsel and Cooperation in Drafting.** All of the Parties

2    acknowledge that they have been represented by counsel throughout all negotiations and in the

3    execution of this Agreement and that this Agreement has been executed with the consent and

4    advice of counsel. In addition, each of the Parties has cooperated in the drafting and preparation of

5    this Agreement. Hence, any rule which construes ambiguities against the drafter shall have no force

6    or effect.

7    84.    **Inadmissibility of Settlement Agreement.** If this Agreement does not become

8    effective or is cancelled or terminated for any reason, it shall be deemed negotiation for settlement

9    purposes only and will not be admissible in evidence or usable for any purpose whatsoever in the

10   Actions or any proceedings between the Parties except in connection with enforcing its terms.

11   85.    **Invalidity of Any Provision.** If any provision of this Agreement is held to be

12   invalid, void or unenforceable, the remaining provisions nevertheless shall continue in full force

13   and effect.

14   86.    **Plaintiff's Waiver of Right to be Excluded and Object.** By signing this Agreement,

15   Plaintiff agrees to be bound by the terms herein, not to request to be excluded from the Settlement

16   Class, and not to object to any of the terms of this Agreement. Any such request for exclusion or

17   objection by the Plaintiff shall therefore be void and of no force or effect.

18   87.    **Terminology and Construction.** All personal pronouns used in this Agreement,

19   whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the

20   singular shall include the plural and *vice versa*.

21   88.    **Notices.** Any notices or other documents that must or may be transmitted to

22   Plaintiff's Counsel and/or FedEx's Counsel, pursuant to any section of this Agreement, shall be

23   transmitted to each of the following:

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

| | |
|---|---|
| **For documents to Plaintiff's Counsel:** | |
| Shaun Setareh, Esq. | |
| Setareh Law Group | |
| 9454 Wilshire Blvd, Suite 907 | |
| Beverly Hills, CA 90212 | |
| Tel: (310) 888-7771 | |
| Fax: (310) 888-0109 | |
| **For documents to FedEx's Counsel:** | |
| Jeremy T. Naftel | |
| CAROTHERS DISANTE & FREUDENBERGER LLP | |
| 900 University Avenue, Suite 200 | |
| Sacramento, California 95825 | |
| Telephone: (916) 361-0991 | |
| Facsimile: (916) 570-1958 | |

The Parties and all counsel acknowledge and agree that for the purposes of any claims, actions, and/or proceedings arising out of this Agreement, notice provided to Plaintiff's Counsel shall be deemed to be notice to the Plaintiff.

Dated: May 21, 2018            CAROTHERS DISANTE & FREUDENBERGER LLP


By: _____
                Jeremy T. Naftel
Attorneys for Defendant
FEDEX SUPPLY CHAIN, INC.


Dated: May 21, 2018            _____


By: _____
        FEDEX SUPPLY CHAIN, INC.

CAROTHERS DiSANTE &
FREUDENBERGER LLP

1339799.1

DocuSign Envelope

1    Dated: May 6 , 2018         SETAREH LAW GROUP

2

3                              By:

4                                  Shaun Setareh
                                 Attorneys for Plaintiff
                                 ADAN ORTIZ

5

6

7    Dated: May 31, 2018

8                                  DocuSigned by:
                                 Adan Ortiz

9                            By:                 0420EA9DCB06446...
                                 Adan Ortiz

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT STIPULATION OF CLASS
ACTION SETTLEMENT AND RELEASE

CAROTHERS DISANTE &
FREUDENBERGER LLP

1339799.1

# EXHIBIT "2"

**CLASS NOTICE**

***Ortiz v. Genco I. Inc.***
**Case No. 4:16-cv-04601-YGR and Case No. 4:17-cv-03692-YGR**
**United States District Court, Northern District of California**

*THIS IS A COURT AUTHORIZED NOTICE – NOT AN ATTORNEY SOLICITATION*

**IF YOU RECEIVED A POSTCARD NOTICE IN THE MAIL**
**YOU ARE A MEMBER OF THE BACKGROUND CHECK CLASS**

**IF YOU RECEIVED THIS LONG FORM NOTICE IN THE MAIL**
**YOU ARE A MEMBER OF THE WAGE AND HOUR CLASS**

**IF YOU RECEIVED BOTH NOTICES IN THE MAIL YOU ARE A MEMBER OF BOTH CLASSES**

**IF YOU BELIEVE YOU ARE A MEMBER OF BOTH CLASSES BUT DID NOT RECEIVE BOTH THE POSTCARD NOTICE AND THIS NOTICE PLEASE CONTACT THE ADMINISTRATOR AT ORTIZ V GENCO I, INC. SETTLEMENT ADMINISTRATOR, C/O RUST CONSULTING INC – 6242, PO BOX 54, MINNEAPOLIS, MN 55440-0054.**

**BACKGROUND CHECK CASE**

The total approximate settlement payment that you are individually estimated to receive is stated in the Postcard Notice that was sent to you.

**WAGE AND HOUR CASE**

The approximate settlement payment that you are individually estimated to receive will range from $<<EstimatedAward1>> to $<<EstimatedAward2>> depending upon how many people submit FLSA Opt-In Claim Forms. (As set forth below, people who submit FLSA Opt-In Claim Forms will be entitled to an increased settlement payment.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION LAWSUIT | |
|---|---|
| **EXCLUDE YOURSELF (BACKGROUND CHECK CASE AND WAGE AND HOUR CASE)** | If you exclude yourself, you WILL NOT receive payment. You WILL have the option to file your own lawsuit regarding the claims resolved by this settlement or those that are sufficiently related. You WILL NOT be bound by the release explained in this notice below. |
| **OBJECT (BACKGROUND CHECK CASE AND WAGE AND HOUR CASE)** | If you do not exclude yourself, you may object to the settlement. If you object, you should write to the Court explaining why you do not agree with the settlement. The Court may or may not agree with your objection. |
| **DO NOTHING (BACKGROUND CHECK CASE)** | You do not need to do anything to receive money. Money will be automatically paid to you if you do not request exclusion. You WILL give up any rights to sue Genco I/ FedEx for the claims made in this Lawsuit or any that are sufficiently related. You WILL be bound by the release explained in this notice below. |
| **DO NOTHING (WAGE AND HOUR CASE)** | You do not need to do anything to receive money. Money will be automatically paid to you if you do not request exclusion. **However, if you have a claim under the federal Fair Labor Standards Act (which would apply if you worked at Genco I/ Fed Ex on or after June 24, 2013) and you return a FLSA Opt-In Claim Form opting into the settlement you will receive more money.**<br><br>You WILL give up any rights to sue Genco/ FedEx for the claims made in this Lawsuit or any that are sufficiently related. You WILL be bound by the release explained in this notice below. |

# TABLE OF CONTENTS

Why Should I Read This Notice? ................................................................................................................ 2

What Is This Case About? ........................................................................................................................... 2

Who is part of the Class? ............................................................................................................................ 3

Why did I receive this Notice? ................................................................................................................... 3

Why is there a Settlement? ......................................................................................................................... 3

What does the Settlement provide? ........................................................................................................... 4

How much can I get from Settlement? ...................................................................................................... 4

Do I have to pay taxes on the money I receive? ...................................................................................... 4

How can I get a payment? ........................................................................................................................... 4

When would I get my payment? ................................................................................................................ 5

What rights do I give up if I do not exclude myself from this Lawsuit? ............................................... 5

How do I exclude myself from the Settlement? ....................................................................................... 5

How do I object to the Settlement? ........................................................................................................... 6

Do I need a lawyer? ..................................................................................................................................... 6

When and where is the Final Approval Hearing? .................................................................................... 6

How do I get additional information? ....................................................................................................... 7

| 1. | Why Should I Read This Notice? |
|---|---|

The purpose of this Notice is to inform you that your rights may be affected by the proceedings in two putative class action lawsuits ("Lawsuits") against Fedex Supply Chain, Inc., formerly Genco I, Inc. ("Genco /FedEx") . The Lawsuits are pending in the United States District Court for the Northern District of California. At this time, a settlement has been preliminarily approved by the Court. This Notice discusses the steps you may take to receive compensation in connection with the settlement.

Your options are explained in this Notice. If you have questions, you may call Setareh Law Group ("Class Counsel") by dialing (310) 888-7771. You may also call (888) 227-1055. Please do not call the Court.

| 2. | What Is This Case About? |
|---|---|

This case involves two Lawsuits, the Background Check Lawsuit (Case No. 4:17-cv-03692-YGR) and the Wage and Hour Lawsuit.( Case No. 4:16-cv-04601-YGR).

**Background Check Case**

- In the Background Check Lawsuit Adan Ortiz ("Plaintiff" or "Class Representative") sued Genco I/ FedEx on May 19, 2017. Plaintiff alleged that the pre-employment background check that Genco I/ FedEx requested violated the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and California state law because he allegedly did not receive adequate pre-screening disclosures. He sought to bring claims both on his own behalf and on behalf of other Genco/ FedEx employees, as defined below.

**Wage and Hour Case**

- In the Wage and Hour Lawsuit Adan Ortiz sued Genco I/ FedEx on June 24, 2016 alleging violation of the California Labor Code including failure to provide meal and rest periods, failure to pay for all hours worked, failure to provide accurate wage statements, and failure to timely pay all final wages, and violation of the federal Fair Labor Standards Act for failure to pay employees for all hours worked. He sought to bring claims both on his own behalf and on behalf of other FedEx employees as set forth below.

## Background Check Case and Wage and Hour Case

- Genco/ FedEx denies all claims and asserts that it has not violated any relevant laws in connection with the Lawsuits.

- With the help of an experienced and well-respected mediator, the claims at hand have been settled. The Court has preliminarily approved the settlement.

- If you qualify as a class member, you are eligible to receive money from the settlement.

- Your rights and options are explained in this Notice.

- Deadlines to exercise your rights and options are also explained in this Notice.

- Your rights will be affected whether you act or not.

- The Court in charge of the case is the United States District Court for the Northern District of California.

| 3. | Who is part of the Class? |
|---|---|

### Background Check Case

The Background Check Lawsuit Class ("Background Check Class" is all of Genco I/ FedEx's current, former and prospective applicants for employment and employees in the United States who had a background check conducted on them at any time between May 19, 2010 and August 13, 2018.

### Wage and Hour Case

The Wage and Hour Lawsuit Class ("Wage and Hour Class") is all current and former non-exempt employees employed by Genco I/ FedEx in the state of California at any time between June 24, 2012 and August 13, 2018.

| 4. | Why did I receive this Notice? |
|---|---|

You were sent this Notice because you have a right to know about a potential settlement of a class action lawsuit that may affect your legal rights and entitle you to payment.

### Background Check Case

If you are in Background Check Lawsuit Class Genco I/ FedEx's records indicate that you applied for a job with FedEx and FedEx requested a background search report.

### Wage and Hour Case

If you are in the Wage and Hour Lawsuit Class Genco I/ FedEx's records indicate that you are or were employed by Genco I/ FedEx in California.

| 5. | Why is there a Settlement? |
|---|---|

### Wage and Hour Case and Background Check Case

After investigating the facts, claims, and defenses relevant to the Lawsuits, both sides agreed to a settlement. The Court did not decide in favor of either the Class Representative or Genco I/ FedEx (the "Parties"). Settlement was reached because the Parties believe that the amount agreed to is fair and reasonable in light of the strengths and weaknesses of the claims at hand and other factors. By agreeing to this settlement, both sides avoid the costs and risks of trial, and Class members who do not exclude themselves can receive compensation.

| 6. | What does the Settlement provide? |
|---|---|

### Wage and Hour Case and Background Check Case

The Settlement provides for a gross payment of $3,150,000 ("Settlement Amount") to be made by Genco I/ FedEx in exchange for a limited release (see Section 11 below for more details concerning the release) from all Class members, other than those who exclude themselves as instructed by this Notice. The release applies to any of the claims brought by the Class Representative in this Lawsuit or any claims that are sufficiently related to those brought by Class Representative in this Lawsuit.

Class Counsel will ask the Court for certain deductions from the Settlement Amount. Specifically, Class Counsel will ask the Court to approve: (1) attorneys' fees in an amount up to 25% of the Gross Settlement Fund, or up to $787,500; (2) accrued litigation costs in an amount up to $20,000; (3) a service award for the Class Representative, not exceeding $5,000, as compensation for the risks, time, and expense of his involvement in this Lawsuit; (4) a $15,000 Individual Payment to the Class Representative for the release of his claims (5) a payment to the State of California Labor Workforce Development Agency of $112,500 and a (4) an estimated $55,000 in administration fees for the Claims Administrator for the expense of notifying Class Members, processing exclusions, distributing settlement payments, and all other related duties.

Assuming the Court approves these deductions; $2,155,000 would remain of the Settlement Amount to be available as a Net Settlement Fund for payments to Class members.

## 7. How much can I get from Settlement?

**Background Check Case**

If you are a member of the Background Check Class you will receive a pro rata share (an equal share per class member) of the 50% of the Net Settlement Fund.

**Wage and Hour Case**

If you are a member of the Wage and Hour Class you will receive a pro rata share of 50 percent of the Net Settlement Fund based on the workweeks you worked at Genco I/ FedEx. If you worked at Genco I/FedEx on or after June 24, 2013 the number of workweeks used to calculate your pro-rata share will be increased by 25% if you submit the FLSA Opt-In Claim Form enclosed with this notice.

## 8. Do I have to pay taxes on the money I receive?

**Background Case**

For any payment that you receive as a member of the Background Check Class taxes will not be withheld from your settlement payment and you will be issued a 1099-MISC form. Class members are responsible for characterizing and paying the appropriate taxes due on the settlement amounts they receive.

**Wage and Hour Check Case**

For any payment that you receive as a member of the Wage and Hour Class the payment will be characterized as wages and you will be issued a W-2 Form. The payment will be subject to employee payroll deductions including state and federal withholding taxes.

## 9. How can I get a payment?

**Wage and Hour Case**

You will get payment automatically if you do not request exclusion. However, if you are in the Wage and Hour Class and worked for Genco/ Fed Ex on or after June 24, 2013, you will get a larger payment if you submit the FLSA Opt-In Claim Form.

**Background Check Case**

You will get payment automatically if you do not request exclusion.

## 10. When would I get my payment?

**Background Check Case and Wage and Hour Case**

The Court will hold a Final Approval hearing on or about April 2, 2019 at 2:00pm in Courtroom 1 – 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612. If the Court approves the settlement, your Settlement payment will be mailed to you approximately 80 days after final approval unless there are appeals. If there are any appeals, you will receive payment (assuming the Settlement remains intact) after the appeals process.

| 11. | What rights do I give up if I do not exclude myself from this Lawsuit? |
|---|---|

**Background Check Case**

Unless you exclude yourself, you will be a part of the Settlement Class. In other words, you will not be able to sue, continue to sue (if applicable), or be part of any other lawsuit against Genco I/ FedEx that involves the claims alleged or is sufficiently related to the claims alleged in the Lawsuit. The release applies to any of the claims brought by the Class Representative in the Lawsuit or any claims that are sufficiently related to those brought by Class Representative in the Lawsuit.

Unless you exclude yourself, you will be bound by the judgment ordered by the Court in this Lawsuit, including the Release detailed below:

> All known or unknown claims, demands, rights liabilities, and causes of action that were asserted (whether in tort, contract or otherwise), based upon the factual allegations in the Action as follows:violation of the FCRA pursuant to 15 U.S.C. 1681b(b)(2)(A); violation of the FCRA pursuant to15 U.S.C. §1681b(b)(2)(A); violation of the FCRA pursuant to 15 U.S.C. section 1681a(1) andg(c); violation of the ICRAA (California Civ. Code § 1786 et seq.); violation of the CCRAA(California Civ. Code § 1785 et seq.); and unfair competition (Bus. and Prof. Code §§ 17200,et seq.)

**Wage and Hour Case**

Unless you exclude yourself, you will be a part of the Settlement Class. In other words, you will not be able to sue, continue to sue (if applicable), or be part of any other lawsuit against Genco I/ FedEx that involves the claims alleged or is sufficiently related to the claims alleged in the Lawsuit. The release applies to any of the claims brought by the Class Representative in the Lawsuit or any claims that are sufficiently related to those brought by Class Representative in the Lawsuit.

Unless you exclude yourself, you will be bound by the judgment ordered by the Court in this Lawsuit, including the Release detailed below:

> All known or unknown claims, demands, rights liabilities, and causes of action that were asserted (whether in tort, contract or otherwise), based upon the factual allegations in the Action as follows: failure to provide meal periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); failure to provide rest periods (Lab. Code §§ 204, 223, 226.7, and 1198); failure to pay hourly wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); failure to provide accurate written wage statements (Lab. Code § 226(a)); failure to timely pay all final wages (Lab. Code §§ 201-203); unfair competition (Bus. and Prof. Code §§ 17200, et seq.); civil penalties (Lab. Code §§ 2698, et seq.); and failure to pay California employees for all hours worked under the FLSA (29 U.S.C. § 201, et seq.)

| 12. | How do I exclude myself from the Settlement? |
|---|---|

**Background Check Case and Wage and Hour Case**

You have the right to request exclusion from either case. If you are a member in both cases, you can request exclusion from both cases or only one of them.

The Court will exclude from the class any member who requests exclusion. You may exclude yourself from either case by submitting a written request for exclusion to the Settlement Administrator, using the Request for Exclusion form provided with this Notice which includes your name, social security number, address, signature, and a statement indicating your desire not to participate in the Settlement. Your request for exclusion must be postmarked no later than **March 15, 2019** to:

**ORTIZ V GENCO I, INC. SETTLEMENT ADMINISTRATOR**
**C/O RUST CONSULTING INC – 6242**
**PO BOX 54**
**MINNEAPOLIS, MN 55440-0054**

If you do not submit a timely request for exclusion, you will be included in the Settlement Class, and be bound by the terms of the Settlement, specifically the release language mentioned directly above.

| 13. | How do I object to the Settlement? |
|---|---|

**Background Check Case and Wage and Hour Case**

You have the right to object to the Settlement in either case. If you are a member in both cases you can object to both cases or only one of them.

Settlement Class members may object to the Settlement by filing a written objection on or before **March 15, 2019** with the Court. That objection should contain information sufficient to establish (under penalty of perjury) that the individual objecting is a Settlement Class Member and provide a detailed statement of any objection asserted, including the grounds therefore and reasons, if any, for requesting the opportunity to appear and be heard at the Final Approval Hearing. A Settlement Class Member may also appear at the Final Approval Hearing, either in person or through his or her own legal representative. If you wish to make an appearance at the Final Hearing, either through counsel or *in propia persona* (you choose to represent yourself), you will be responsible for your own litigation fees and costs.

The Court may or may not accept your objection. If the Court rejects your objection, you will still be bound by the terms of the Settlement. The objecting party must also make him or herself available upon reasonable notice for deposition taken by either Class Counsel or counsel for FedEx and/or respond to written discovery propounded by either party.

| **14.** | **Do I need a lawyer?** |

### Background Check Case and Wage and Hour Case

Class Members do not need to hire your own lawyer, because Class Counsel is working on your behalf. However, if you want your own lawyer, you are free to hire one at your own expense. The attorneys for the Class Representative and the Class, as well as Genco I/ FedEx's attorneys, are identified below:

| Class Counsel: | Counsel for Genco I/ FedEx: |
|---|---|
| Shaun Setareh | Jeremy Naftel |
| Thomas Segal | Nicole Legrottaglie |
| SETAREH LAW GROUP | CAROTHERS, DISANTE & |
| 9454 Wilshire Boulevard | FREUDENBERGER LLP |
| Suite 907 | 900 University Avenue, Suite 200 |
| Beverly Hills, California 90212 | Sacramento, CA 95825 |
| Tel.: 310-888-7771 | Tel: (961) 361-0991 |
| Fax: 310-888-0109 | |

| **15.** | **When and where is the Final Approval Hearing?** |

### Background Check Case and Wage and Hour Case

The Court will hold a Final Approval hearing on or about 2:00 p.m. on April 2, 2019 in Courtroom 1 – 4th Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612. At that time, the Court will ultimately determine whether the settlement is fair, reasonable and adequate. The Court may change the date of the hearing on the Motion for Final Approval without further notice. If you wish to attend the hearing, you should check the Court's public website to confirm the hearing date.

The Court will also consider any objections at this time, and hear Class Counsel's motion for approval of attorney's fees and costs and Plaintiff's enhancement award. It is not necessary for you to appear at this hearing unless you desire to object to the settlement.

| **16.** | **How do I get additional information?** |

### Background Check Case and Wage and Hour Case

This Notice only summarizes the terms of the Settlement. For more information and to read all paperwork submitted in connection with these Lawsuit, refer to the documents on file with the Clerk of the Court, case number 16-cv-04601-YGR (Wage and Hour case) and 17-cv-03692-YGR (Background Check Case). These documents may be examined during regular business hours at the Clerk's Office of United State District Court, Suite 400 S, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT.**

# EXHIBIT "3"

# NOTICE OF CLASS ACTION SETTLEMENT

*Ortiz v. Genco I, Inc.*

Case No. 4:17-cv-03692-YGR United States District Court, Northern District of California

The purpose of this Notice is to inform you that your rights may be affected by a class action lawsuit ("Lawsuit") against FedEx Supply Chain, Inc., formerly Genco I, Inc. ("Genco I/ FedEx") based on claims that the pre-employment background check that FedEx requested violated the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and California state law. The Lawsuit is pending in the United States District Court for the Northern District of California. At this time, a settlement has been preliminarily approved by the Court. The amount of money set aside to fund the settlement jointly with the settlement of a wage and hour action against GencoI/ Fed Ex is a total of $3,150,000 (the "Settlement Amount"). If you are a member of the wage and hour class, you will receive a Long Form Notice in the mail.

Genco I/FedEx's records indicate that you are a class member. If the settlement is approved by the Court and you do not request exclusion from the settlement class, you will receive a settlement payment. Your settlement payment is estimated to be $39.70. The amount of your payment will also depend on the amount of attorneys' fees and costs, class representative award, and administration costs approved by the Court.

The Court has appointed the Setareh Law Group to serve as class counsel. It will petition the Court to award $787,500 in attorneys' fees and up to $20,000 in accrued litigation costs. These amounts are for this Lawsuit and the wage and hour action combined. This amount, if approved, would be paid out of the Settlement Amount. The motion for attorneys' fees will be posted at www.gencosettlements.com on October 23, 2018.

If you do not want to be bound by the settlement you must request exclusion. You may request exclusion by mailing a written Request for Exclusion to the Settlement Administrator by March 15, 2019. If you request exclusion, you will not receive a settlement payment but will retain the right to file your own lawsuit. If you choose to remain a part of the class, you can also object to the proposed settlement. Specific instructions on how to object or request exclusion are available at www.gencosettlements.com.

This Notice is a summary. You can retrieve a copy of the full notice and other related court documents at www.gencosettlements.com.. If you have additional questions, please contact the settlement administrator at 1-888-227-1055 or Class Counsel Shaun Setareh of Setareh Law Group at 310-888-7771.

The Court will hold a final approval hearing on April 2, 2019 at 2:00 p.m. at Oakland Courthouse, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, CA 91612.

ORTIZ V. GENCO I, INC.
SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING INC – 6242
PO BOX 54
MINNEAPOLIS, MN  55440-0054

## IMPORTANT LEGAL NOTICE



*BARCODE39* – UAP<<SequenceNo>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY>> <<STATE>> <<ZIP>>
<<COUNTRY>>

# EXHIBIT "4"

ORTIZ V GENCO I, INC. SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING INC – 6242
PO BOX 54
MINNEAPOLIS, MN  55440-0054

## IMPORTANT LEGAL MATERIALS

*CLMNT IDNO* - <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

**MUST BE POSTMARKED
NO LATER THAN
MARCH 15, 2019**

# REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT

*Ortiz v. Genco I. Inc.*
**Case No. 4:16-cv-04601-YGR and Case No. 4:17-cv-03692-YGR**
**United States District Court, Northern District of California**

TO EXCLUDE YOURSELF FROM THE SETTLEMENT IN THIS CASE, YOU MUST COMPLETE, SIGN, AND RETURN THIS FORM BY U.S. MAIL, FAX, OR E-MAIL BY **MARCH 15, 2019**.

IF YOU ARE A CLASS MEMBER IN THE BACKGROUND CHECK CASE AND THE WAGE AND HOUR CASE YOU CAN REQUEST EXCLUSION FROM EITHER CASE OR ONLY ONE.

MAIL THIS COMPLETED FORM TO:

**ORTIZ V GENCO I, INC. SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING INC – 6242
PO BOX 54
MINNEAPOLIS, MN  55440-0054
FAX:  (877) 251-1456
EMAIL: info@gencosettlements.com**

## 1. PERSONAL INFORMATION

Please provide the following information:

Name (Last, First, Middle Initial): _____

Address: _____

City: _____ State: ___ ___ Zip: ___ ___ ___ ___ ___

Telephone Number: (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___ Social Security Number (last 4 digits): X X X – X X -___ ___ ___ ___

Email Address: _____
(Optional – Will Only Be Used to Communicate With You About the Settlement)





## 2. REQUEST FOR EXCLUSION FROM BACKGROUND CHECK CLASS ACTION SETTLEMENT

By signing and returning this Request for Exclusion Form, I wish and am requesting to be excluded from the Settlement in the Background Check Case.  I understand that this means I will not be eligible to receive any Settlement Payment from the Background Check Case, and I will not have standing to object to the Settlement, Class Counsel's Motion for Attorneys' Fees and Costs, or Class Counsel's Request for Plaintiff's Class Representative Service Award.

Executed on: _____ 2018, at _____ , ____ ____
                Date                            City                                                State

_____
Signature

_____
Please Print Name

## 3. REQUEST FOR EXCLUSION FROM WAGE AND HOUR CLASS ACTION SETTLEMENT

By signing and returning this Request for Exclusion Form, I wish and am requesting to be excluded from the Settlement in the Wage and Hour Case.  I understand that this means I will not be eligible to receive any Settlement Payment from the Wage and Hour Case, and I will not have standing to object to the Settlement, Class Counsel's Motion for Attorneys' Fees and Costs, or Class Counsel's Request for Plaintiff's Class Representative Service Award.

Executed on: _____ 2018, at _____ , ____ ____
                Date                            City                                                State

_____
Signature

_____
Please Print Name

# EXHIBIT "5"

ORTIZ V GENCO I, INC. SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING INC – 6242
PO BOX 54
MINNEAPOLIS, MN  55440-0054

## IMPORTANT LEGAL MATERIALS

*CLMNTIDNO* - UAA - <<SequenceNo>>

<<Name 1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

# FLSA OPT-IN CLAIM FORM

**TO RECEIVE YOUR FAIR LABOR STANDARDS ACT (FLSA) SETTLEMENT PAYMENT PORTION YOU MUST COMPLETE, SIGN, AND MAIL THIS OPT-IN CLAIM FORM BY FIRST CLASS U.S. MAIL, POSTMARKED ON OR BEFORE <u>MARCH 15, 2019</u>, TO:**

Ortiz v. Fed Ex I/Genco Settlement Administrator
c/o Rust Consulting, Inc – 6242
PO Box 54
Minneapolis, MN  55440-0054

## PART I: CLAIMANT INFORMATION

The name and mailing address that we have for you is:

<<Name 1>>

<<Address 1>>

<<Address2>>

<<City>>, << State>> <<Zip5>>

Make any address corrections here:

_____

_____

_____

_____

State all names by which you have been known: _____

_____

Email Address: _____ Social Security Number (last 4 digits): X X X – X X -___ ___ ___ ___

Telephone Number (Home): (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___    Telephone Number (Work): (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

## PART II: EMPLOYMENT INFORMATION

Genco/FedEx's records indicate that you worked in the Wage and Hour Class (as described in Section I of the enclosed Notice of Class Action Settlement and Final Fairness Approval Hearing) in California from <<startdate>> until <<enddate>> for a total of <<FLSAWksWkd>> Work Weeks, resulting in an increase to your settlement payment of approximately $<<FLSAEstSet>>, depending upon the number of claimants.  You must return this form by the **MARCH 15, 2019** deadline to receive the increase to your settlement payment.







**PART III: CONSENT TO JOIN AND OPT IN TO SETTLEMENT**

I hereby consent and agree to join this lawsuit, and I hereby opt in to become a plaintiff in this lawsuit and consent to be bound by the settlement of the Fair Labor Standards Act (FLSA) claims asserted in the above-entitled lawsuit, as set forth in the Notice of Class Action Settlement and Final Fairness Approval Hearing and the Joint Stipulation for Class Action Settlement and Release of Claims. I understand that to receive my additional settlement payment for the release of my FLSA claims, I must expressly agree to opt into this settlement and expressly release my claims under the FLSA.

I hereby expressly agree to opt-in to the Settlement.

Signature: _____     Date: ____ ____ / ____ ____ / ____ ____

# EXHIBIT "6"

## SUPPLEMENTAL NOTICE REGARDING CLASS ACTION SETTLEMENT
*Ortiz v. Genco I, Inc.*

Case No. 4:17-cv-04601-YGR United States District Court, Northern District of California
Case No. 4:17-cv-03692-YGR United States District Court, Northern District of California

You were previously sent notice of a class action settlement involving Fed Ex Supply Chain Inc. (formerly Genco I, Inc.) The Court has ordered this supplemental notice because important documents related to the settlement were inadvertently omitted from the settlement website www. gencosettlements.com.

The Long Form Notice (which sets forth all settlement terms), Request for Exclusion and Consent to Join Forms have now been posted to the website. All documents related to the Plaintiff's Motion for Final Approval and for Attorney Fees have also now been posted to the website.

Because these documents were not previously posted, the Court has ordered that deadlines for you to object to the settlement or request exclusion from it be extended. The new deadline to object to or request exclusion from the settlement is **March 15, 2019**.

If you worked at Genco I/ Fed Ex in California on or after June 24, 2013 your deadline to submit an FLSA Opt-In Claim Form and receive an increased settlement payment, is extended to **March 15, 2019**.

The final approval hearing in this case was previously set for December 11, 2018 at 2:00pm. However due to the mailing of this supplemental notice, the Court has continued the hearing.

The Court will hold the final approval hearing on **April 2, 2019** at 2:00 p.m. at Oakland Courthouse, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, CA 94612.

ORTIZ V. GENCO I, INC.
SETTLEMENT ADMINISTRATOR – 6242
PO BOX 54
MINNEAPOLIS, MN  55440-0054

**IMPORTANT LEGAL NOTICE**

# EXHIBIT "7"

## Ortiz v Genco Exclusions

1. Rebecca Resendez
2. Ricky Conner
3. Tan Dao
4. Christian Phelan Mueller
5. Steven Eugene Jones
6. Dieumerci Malomba Loka
7. Kevin James McPherson
8. Joseph Delval
9. Tina Marie Maderias
10. Marlon Famber
11. Bradley Walinga
12. Daniel Livian
13. Peter Lee
14. Lakeisha Weaver
15. Toya Golden
16. Alyson P Patterson